Daniel, J.
The declaration states that the plaintiff was arrested on a ca. sa. issued on a judgment, which one Moore had obtained against him; and that he, then being desirous to take the benefit of the act of the General Assembly, for the.relief of insolvent debtors, did offer and tender to the constable who arrested him, Miles Beeman and John Bee-man, as his sureties, to appear at the next County Court of Greene, to take the benefit of the said act; that the said sureties were good and sufficient; that the constable would have taken the said men as his sureties and released him from the arrest, but that the defendant, assuming to have the control of the said execution as the agent of Moore, did, by his undue and improper influence over the constable, maliciously cause and procure the said constable to reject and refuse to take the said sureties as then tendered, in consequence whereof, he was put in jail on the said ca. sa. and deprived of his liberty, to his great damage &c. The judge charged the jury, that if the defendant, acting as the agent of Moore, by his conduct deprived the plaintiff, or prevailed on the officer to deprive him, of a reasonable opportunity to procure his release, by giving security under the insolvent debtor’s law, then the plaintiff was entitled to recover. The jury found a verdict for the plaintiff, there was judgment, and the defendant appealed. On examining the case sent up to this court, we do not find or discover that the plaintiff tendered to the constable either Miles Beeman, John Beeman, or any •other person, as his surety. John Beeman was asked to be *337 a surety, but he never openly gave his assent to be a surety of the plaintiff. It does not appear that the declaration made by the defendant, that no person should be taken as security for the plaintiff, had the effect, either of deterring- Beeman from tendering himself, or the constable from receiving him, had he been tendered. We must say that there was no evidence offered in this cause, that either John Beeman, Miles Beeman, or any other person was tendered to the constable as surety for the plaintiff. There is no evidence that the defendant deterred any person from becoming surety, or prevailed on the officer to deprive the plaintiff of a reasonable opportunity to get surety. If, therefore, the declaration contain a sufficient cause of action, on which point we express ho opinion, there must be a new trial, because there was no evidence to support its- material allegations.
Per Curiam, New trial awarded.